UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SHAMEEQUA SHIRER et al.,

               Plaintiffs,

– against –

THE CITY OF NEW YORK,

               Defendant.
------------------------------------------------------------- x

**MEMORANDUM OF DECISION**

11 CV 1832 (RJD) (CLP)

DEARIE, District Judge.

Plaintiffs bring a claim under 42 U.S.C. § 1983 against the City of New York based on allegations that members of the New York City Police Department falsely arrested them. According to the complaint, plain clothed NYPD officers forcibly entered an apartment building in Brooklyn, with guns drawn, and did not identify themselves. Complaint at 8-9. The officers, who entered the apartment pursuant to a search warrant, arrested plaintiffs and several other individuals due to the open presence and packaging of illegal narcotics in the apartment. Statement pursuant to Local Rule 56.1 at 4, 6. Not only is this a frivolous claim, but the complaint fails to suggest that any municipal policy or custom is responsible for the alleged constitutional violation. Because plaintiffs' claim fails as a matter of law, defendant's motion for summary judgment is granted.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material facts and [he] is entitled to judgment as a matter of law." Fed.R.Civ.P.56(a). Once defendant shows that the material facts are undisputed, the burden shifts to plaintiffs to produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (quoting Rule

56). The Court draws reasonable inferences in the non-movant's favor. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal citation omitted).

A municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones, 691 F.3d at 80 (citing Monell, 436 U.S. at 691). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991), *rev'd on other grounds*, 544 U.S. 197 (2005).

Not only is the record "barren of specific evidence demonstrating the existence of a municipal policy or custom," Webster v. City of New York, 333 F.Supp.2d 184, 207 (S.D.N.Y. 2004), the complaint itself contains no factual allegations in support of plaintiffs' claim. Gordon v. City of New York, 2002 WL 1068023, at *3-4 (E.D.N.Y. 2012) (dismissing complaint against the city that "is devoid of factual support for [any] references to a municipal policy."

Accordingly, defendant's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

2